**SIGNED THIS: August 24, 2005**

_____
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| SCOTT QUENTIN KAUFMAN, ) | |
| ) | Case No. 05-72035 |
| Debtor. ) | |

# O P I N I O N

This matter is before the Court on the Motion to Dismiss Case filed by John H. Germeraad, Chapter 13 Trustee. At issue is whether the Debtor's pre-petition conduct merits the dismissal of his case.

Debtor filed his voluntary Chapter 13 petition in bankruptcy on April 15, 2005. Debtor's proposed Chapter 13 plan will require Debtor to pay $150 per month for 36 months, or a total of $5,400 into the plan. Debtor's counsel is still owed $1,400 in fees, so only about $3,676 will go to creditors, resulting in a dividend of

-1-

10.5% on unsecured claims.

In the 65 days prior to the filing of his case, Debtor spent $6,214 in tax refunds plus $15,055.34 resulting from a workers compensation settlement.

Trustee has moved to dismiss the case on the basis of Debtor's lack of good faith in filing it. Debtor asserts that he has been laid off from his employment for almost a year; that his wife is a homemaker, and that she and he have four children at home to support. Debtor contends that none of the funds was used for luxuries; rather, the expenses were necessary family expenses such as clothing, shoes, vehicle repairs, groceries, house payments, utilities, and medical expenses. Debtor further states that he promptly provided to the Trustee an itemization of the expenditures about which he complains.

Chapter 13 of the Bankruptcy Code does not explicitly contain a good faith requirement for the filing of a petition. However, 11 U.S.C. § 1307(c) does state that Chapter 13 petitions may be dismissed "for cause". The Seventh Circuit Court of Appeals has indicated that lack of good faith is a sufficient cause to dismiss a Chapter 13 case. In re Smith, 848 F.2d 813, 816, n. 3. Because dismissal is harsh, a bankruptcy court should be more reluctant to dismiss a petition for lack of good faith than to reject a plan for lack of good faith. In re Love, 957 F.2d 1350, 1356 (7th Cir. 1992).

The good faith determination with regard to the filing of a Chapter 13 petition is a fact-intensive inquiry to be determined by

-2-

looking at the totality of the circumstances. Id. Dismissal for cause does not mean that a debtor must show an absence of cause; it means that the party moving for dismissal must demonstrate cause. In re Klein, 100 B.R. 1004, 1008 (N.D. Ill. 1989). The most fundamental factor when evaluating the presence or absence of good faith is whether the debtor has dealt fairly with his creditors. In re Schaitz, 913 F.2d 452, 453 (7th Cir. 1990). A non-exhaustive list of factors which are relevant in determining whether a Chapter 13 petition was filed in good faith includes: the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed, and whether the debtor has been forthcoming with the bankruptcy court and the creditors. *See* In re King, 126 B.R. 777, 781 (Bankr. N.D. Ill. 1991); In re McKissie, 103 B.R. 189, 192 (Bankr. N.D. Ill. 1989).

In the case at bar, the debts are normal consumer debts. There does not appear to be a dischargeability issue. The debts appear to have arisen over time as a result of normal household spending. The filing of the petition seems to have been generated by the Debtor's loss of his well-paying job at Mitsubishi Motors. His "spending spree" resulting from his receipt of tax refunds and a workers compensation settlement appears to have been more an effort to stay afloat and maintain the household than anything

else.  Credit cards were paid off, school registration fees were paid, gas and groceries were purchased, minor home improvements were made, and vehicles were repaired.

It is not at all clear for what reason the Debtor chose to file his petition under Chapter 13 as opposed to Chapter 7.  As previously stated, there do not appear to be any dischargeability issues where a Chapter 13 "super-discharge" would come into play; Debtor has no previous bankruptcies, and there does not appear to be any non-exempt property or equity which the Debtor would have to surrender in a Chapter 7.

In any case, the Court has reviewed the petition and schedules, the proposed plan, the Trustee's Motion to Dismiss, the Debtor's Response thereto, and the itemizations of expenditures provided by the Debtor.  Based upon all of this, the Court does not find sufficient proof of a lack of good faith in the filing of the case.  Accordingly, the Trustee's Motion to Dismiss the case is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###